UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

| | | |
|---|---|---|
| ROBERT BROWNSTEIN, | : | ELECTRONICALLY FILED |
| | : | |
| Plaintiff, | : | |
| vs. | : | |
| | : | |
| ANTHONY GIEDA; POLICE CHIEF | : | CIVIL ACTION  - LAW |
| DAVID ELLIOTT; THE CITY OF | : | |
| SCRANTON,; THE SCRANTON POLICE | : | JURY TRIAL DEMANDED |
| DEPARTMENT; DIANE CHINDEMI, RN; | : | |
| JANE DOE, Phlebotomist; VINCENT | : | |
| POLLINO, MD; LT. JOSEPH SMURL; | : | |
| COMMUNITY MEDICAL CENTER | : | |
| HEALTHCARE SYSTEM and | : | NO.  3:08-CV-1634 |
| COMMUNITY MEDICAL CENTER, | : | |
| | : | |
| Defendants. | : | Assigned Judge: _____ |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**MOTION TO DISMISS PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) ON BEHALF OF
DIANE CHINDEMI, RN; JANE DOE (Community Medical  Center Phlebotomist); LT.
JOSEPH SMURL; COMMUNITY MEDICAL CENTER HEALTHCARE SYSTEM
AND COMMUNITY MEDICAL CENTER,  t/d/b/a CMC HOSPITAL**

AND NOW, come the Defendants, Diane Chindermi, RN, Jane Doe, Phlebotomist, Lt.

Joseph Smurl, Community Medical Center Healthcare System and Community Medical Center,

t/d/b/a CMC Hospital, by and through their attorneys, O'Malley, Harris, Durkin & Perry, P.C., and

files the following Motion to Dismiss:

1.      Plaintiff's Complaint in this matter arises out of an incident which is alleged to have

occurred at Community Medical Center on September 4, 2006, wherein the Plaintiff was

transported to the hospital by ambulance and police and administered medical treatment.

2.      The Plaintiff claims that the medical treatment was unnecessary and that he was

forcibly restrained and that blood was forcibly withdrawn.

3.      The Defendants, above named, bring this motion pursuant to Federal Rule of Civil Procedure 12(b)(6).


**MOTION TO DISMISS COUNT II OF PLAINTIFF'S COMPLAINT ENTITLED INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS ON BEHALF OF DIANE CHINDEMI, RN; JANE DOE, PHLEBOTOMIST; LT. JOSEPH SMURL, COMMUNITY MEDICAL CENTER HEALTHCARE SYSTEM AND COMMUNITY MEDICAL CENTER, t/d/b/a CMC HOSPITAL**


4.      Moving Defendants incorporate herein by reference paragraphs 1 through 3 above as if the same were set forth fully herein and at length.

5.      Under Pennsylvania law liability for intentional infliction of emotional distress has only been found in cases where the conduct has been so outrageous in character, so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

6.      While the Plaintiff's Complaint suggests "extreme and outrageous conduct", the Complaint does not allege any facts supporting such conduct on the part of the Moving Defendants. The United States Supreme Court's recent opinion in Bell Atlantic Corp. v. Twomboy, 127 S. Ct. 1955, 1964-65, 167 L.Ed. 2nd 929 (2007) has altered the standard for review of a Motion to Dismiss such that a Plaintiff must provide more than a formulaic recitation of a claims elements that amounts to more than mere labels and conclusions, but the Complaints factual allegations must be enough to raise a right to relief above the speculative level.

WHEREFORE, Count II of the Plaintiff's Complaint must be dismissed with respect to the Moving Defendants.

**MOTION TO DISMISS COUNTS III, IV AND XIV OF PLAINTIFF'S COMPLAINT WITH RESPECT TO DIANE CHINDEMI, RN; JANE DOE, PHLEBOTOMIST; LT. JOSEPH SMURL, COMMUNITY MEDICAL CENTER HEALTHCARE SYSTEM AND COMMUNITY MEDICAL CENTER, t/d/b/a CMC HOSPITAL**

7.      Moving Defendants incorporate herein by reference paragraphs 1 through 6 above as if the same were set forth fully herein and at length.

8.      Counts III, IV and XIV of the Plaintiff's Complaint all deal with the concept of assault, battery and informed consent, which, as to the Moving Defendants, should be dealt with as one issue.

9.      In Pennsylvania, the concept of informed consent applies only to surgical or operative procedures and does not apply to drawing of blood.

10.      Under Pennsylvania law, it has been consistently held that failure to obtain informed consent can be recoverable only against the surgeon performing the procedure, since the physician would be the only person who could properly secure informed consent before undertaking an operative or surgical procedure.

11.      In fact, the law in Pennsylvania was codified by the Health Care Services Malpractice Act which indicates that the duty to obtain informed consent is only that of the physician.  40 P.S. §1301.811-A.

12.      Based upon the above, Count XIV of the Plaintiff's Complaint entitled *"Failure to Obtain Informed Consent of Patient"* must be dismissed with respect to the Moving Defendants.

13.      The allegations set forth in Counts III and IV entitled *"Assault"* and *"Battery,"* respectively, are less clear.

14.     In Count III entitled *"Assault"* the Plaintiff states at paragraph 80 that the "Defendants failed to obtain informed consent of client before subjecting him to medical testing and procedures".

15.     It is clear that paragraph 80 of the Plaintiff's Complaint must be stricken with respect to the Moving Defendants.

16.     However, in paragraph 79 of Count III Plaintiff also states that "the Defendants assaulted Plaintiff by unlawfully place the Plaintiff in four-point restraints without justifications, forcibly held down, detained and restrained said Plaintiff....".  It is unclear from paragraph 79 which of the Moving Defendants, if any, engaged in the activity of holding down and placing the Plaintiff in four-point restraints.

17.     With respect to the Moving Defendants, Diane Chindemi, RN and Lt. Joseph Smurl, Plaintiff does not set forth factual allegations to bring the right of relief on the part of the Plaintiff above the speculative level and therefore the claims must be dismissed.

18.     With respect to the Defendant, Jane Doe, Phlebotomist, it appears that the allegations against the Phlebotomist are that the Phlebotomist failed to obtain the Plaintiff's informed consent before withdrawing blood.  As stated above, lack of informed consent under Pennsylvania law pertains only to an operative or surgical procedure and is actionable against the physician only.  Therefore the claims for assault and battery must be dismissed against Jane Doe, Phlebotomist.

19.     The Community Medical Center Healthcare System and Community Medical Center t/d/b/a CMC Hospital, (hereinafter "hospital defendants") as corporate entities, may only act through their agents, servants and employees and could not commit an assault or battery absent vicarious liability.

20.     As a general rule, under Pennsylvania law, a master may be held liable for the acts of the servant when those acts are committed during the course of his employment and within the scope of his authority.

21.     Under Pennsylvania law, an assault and/or battery, which arises from a lack of informed consent is not the type of action that occurs within the scope of employment, and is therefore not actionable against the hospital defendants.

WHEREFORE, for all the foregoing reasons, Counts III, IV and XIV must be dismissed with respect to the Moving Defendants.


**MOTION TO DISMISS COUNT VII OF PLAINTIFF'S COMPLAINT ENTITLED "FALSE ARREST" WITH RESPECT TO LT. JOSEPH SMURL, COMMUNITY MEDICAL CENTER HEALTHCARE SYSTEM AND COMMUNITY MEDICAL CENTER, t/d/b/a CMC HOSPITAL**

22.     Moving Defendants incorporate herein by reference paragraphs 1 through 21 above as if the same were set forth fully herein and at length.

23.     The allegations set forth in Count VII of the Plaintiff's Complaint do not state a claim upon which relief can be granted under Pennsylvania law with respect to the Moving Defendants.

24.     Under Pennsylvania law an arrest is the taking of another person into custody under an assertion of legal authority to do so and for the purpose of bringing that person before a Court or otherwise securing the administration of law.

25.     A false arrest, is an arrest, made without probable cause or an arrest made by a person without privilege to do so.

26.     Plaintiff's Complaint does not set forth the elements of false arrest with respect to the Moving Defendants, nor does the Complaint set forth any facts that would support the elements had they been alleged.

WHEREFORE, Count VII of the Plaintiff's Complaint must be dismissed with respect to the Moving Defendants.

## MOTION TO DISMISS COUNT VIII OF PLAINTIFF'S COMPLAINT ENTITLED "FALSE IMPRISONMENT WITH RESPECT TO DIANE CHINDEMI, RN; JANE DOE, PHLEBOTOMIST; LT. JOSEPH SMURL, COMMUNITY MEDICAL CENTER HEALTHCARE SYSTEM AND COMMUNITY MEDICAL CENTER, t/d/b/a CMC HOSPITAL

27.     Moving Defendants incorporate herein by reference paragraphs 1 through 26 above as if the same were set forth fully herein and at length.

28.     Count VIII entitled *"False Imprisonment"* does not set forth a claim upon which relief can be granted with respect to the Moving Defendants.

29.     Count VIII does not set forth factual allegations which raise the Plaintiff's right to recovery against the Moving Defendant above the speculative level.

WHEREFORE, Count VIII of the Plaintiff's Complaint must be dismissed with respect to the Moving Defendants.

## MOTION TO DISMISS COUNT IX OF PLAINTIFF'S COMPLAINT ENTITLED "INVASION OF PRIVACY-DISCLOSURE AND RECEIPT OF PRIVATE/CONFIDENTIAL PROTECTED MEDICAL INFORMATION"WITH RESPECT TO  DIANE CHINDEMI, RN; JANE DOE, PHLEBOTOMIST; LT. JOSEPH SMURL, COMMUNITY MEDICAL CENTER HEALTHCARE SYSTEM AND COMMUNITY MEDICAL CENTER, t/d/b/a CMC HOSPITAL

30.     Moving Defendants incorporate herein by reference paragraphs 1 through 29 above as if the same were set forth fully herein and at length.

31.     Under Pennsylvania law, the tort of invasion of privacy is subject to a one (1) year Statute of Limitation.  42 Pa.C.S. §5523(1).

32.     A Complaint is subject to dismissal under Rule 12(b)(6) when an affirmative defense, such as the Statute of Limitations, appears on the face of the pleading.

33.     In the present case, Plaintiff's Complaint, beginning at paragraph 28, alleges a series of events occurring on September 4, 2006.

34.     Whereas Plaintiff's Complaint was not filed until nearly two (2) years after September 4, 2006.

35.     The filing of the Plaintiff's Complaint is clearly beyond the one (1) year Statute of Limitations applicable to the tort of invasion of privacy.

WHEREFORE, Count IX of the Plaintiff's Complaint must be dismissed with respect to the Moving Defendants.


**PARTIAL MOTION TO DISMISS COUNT XII OF PLAINTIFF'S COMPLAINT ENTITLED "CORPORATE NEGLIGENCE ON BEHALF OF THE DEFENDANTS COMMUNITY MEDICAL CENTER HEALTHCARE SYSTEM AND COMMUNITY MEDICAL CENTER, t/d/b/a CMC HOSPITAL**

36.     Moving Defendants incorporate herein by reference paragraphs 1 through 35 above as if the same were set forth fully herein and at length.

37.     For the reasons set forth in paragraphs 8 through 20 set forth above, Moving Defendants seek a partial Motion to Dismiss striking all references in Count XII to the issue of failure to obtain informed consent.

WHEREFORE, Moving Defendants respectfully request this Court issue an Order striking all references in Count XII to the issue of failure to obtain informed consent.

**MOTION TO DISMISS COUNT XIII OF PLAINTIFF'S COMPLAINT
ENTITLED "VICARIOUS LIABILITY" ON BEHALF OF THE DEFENDANTS
COMMUNITY MEDICAL CENTER HEALTHCARE SYSTEM AND
COMMUNITY MEDICAL CENTER, t/d/b/a CMC HOSPITAL**

38.     Moving Defendants incorporate herein by reference paragraphs 1 through 37 above as if the same were set forth fully herein and at length.

39.     Count VIII of the Plaintiff's Complaint fails to state a claim for which relief can be granted.

40.     For the reasons set forth above, particularly but not limited to paragraphs 18 through 20 above, the Moving Defendants cannot be held vicariously liable for the actions of the Defendants, Doe or Chindemi.

WHEREFORE, Count XIII of the Plaintiff's Complaint must be dismissed with respect to the Moving Defendants.


**MOTION TO DISMISS PLAINTIFF'S CLAIMS FOR PUNITIVE DAMAGES
AS TO THE DEFENDANTS, DIANE CHINDEMI, RN, JANE DOE, PHLEBOTOMIST,
LT. JOSEPH SMURL, COMMUNITY MEDICAL CENTER HEALTHCARE SYSTEM
AND COMMUNITY MEDICAL CENTER, t/d/b/a CMC HOSPITAL**

41.     Moving Defendants incorporate herein by reference paragraphs 1 through 40 above as if the same were set forth fully herein and at length.

42.     The law governing punitive damages against a healthcare provider has been codified in the 1996 Amendments to the Health Care Services Malpractice Act, 40 P.S. §1301.812-A and the MCARE Act 40 P.S. §1303.505, which are applicable to the Plaintiff's claims against the various healthcare Defendants.

43.     Pursuant to the Health Care Services Malpractice Act, punitive damages may only be awarded for conduct that is a result of a healthcare providers wilful or wanton conduct or reckless indifference to the rights of others.

44.     The Act further provides that a showing of gross negligence is insufficient to support an award of punitive damages.

45.     Under the MCARE Act punitive damages may only be awarded where the healthcare providers conduct rises to the level of wilful, wanton or reckless indifference to the rights of others.

46.     Furthermore, with respect to the hospital defendants, the Health Care Services Malpractice Act provides that "punitive damages shall not be awarded against a healthcare provider who is only vicariously liable for the actions of its agents that caused the injury unless it can be shown by a preponderance of the evidence that the party knew of or had allowed the conduct by its agents that resulted in the award of punitive damages".

47.     Furthermore, the law set forth in the Healthcare Services Malpractice Act and the MCARE Act are simply a statutory codification of the law of the common law governing the imposition of punitive damages.

48.     Assuming the allegations of the Plaintiff's Complaint to be true, the actions of the Moving individual Defendants do not rise to a level to warrant the imposition of punitive damages.

49.     With respect to the hospital defendants, the hospital defendants cannot be held liable under the circumstances set forth in the Plaintiff's Complaint on the theory of vicarious liability.

WHEREFORE, all of the Plaintiff's claims for punitive damages with respect to the Moving Defendants should be stricken.

Respectfully submitted,

O'MALLEY, HARRIS, DURKIN & PERRY, P.C.

By: *Gerald J. Hanchulak*
              Gerald J. Hanchulak, Esq.
              Attorney ID PA 56320

345 Wyoming Avenue
Scranton, PA   18503
(570) 348-3711
ghanchulak@omalleyandharris.com