# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT BROWNSTEIN, | : | No. 3:08cv1634 |
|     Plaintiff | : | |
| | : | (Judge Munley) |
| | : | |
|     v. | : | |
| | : | |
| ANTHONY GIEDA, individually and | : | |
| in his official capacity as a Member | : | |
| of the Scranton Police Department, | : | |
| POLICE CHIEF DAVID ELLIOT, | : | |
| individually and in his official | : | |
| capacity as a member of the | : | |
| Scranton Police Department, | : | |
| THE CITY OF SCRANTON, | : | |
| THE SCRANTON POLICE | : | |
| DEPARTMENT, | : | |
| DIANE CHINDEMI, | : | |
| JANE DOE, Phlebotomist of | : | |
| Community Medical Center and | : | |
| Community Medical Center | : | |
| Healthcare Systems, | : | |
| DR. VINCENT POLLINO, | : | |
| LT. JOSEPH SMURL, | : | |
| COMMUNITY MEDICAL CENTER | : | |
| HEALTH CARE SYSTEM, and | : | |
| COMMUNITY MEDICAL CENTER, | : | |
| d/b/a CMC Hospital, | : | |
|     Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court is Defendant Community Medical Center, Community Medical Center Healthcare system, Joseph Smurl, Diane Chindemi and Christine Condo's (captioned as "Jane Doe") and Defendant Dr. Vincent Pollino's notices of intention to

enter judgment of non pros on plaintiff's professional liability claims (Docs. 24, 24) and plaintiff's motions for a determination that a certificate of merit is unnecessary. (Docs. 30-31).

**Background**

This case arises from the September 4, 2006 transport of plaintiff by Scranton, Pennsylvania police and ambulance to the Community Medical Center in that city. (Complaint (hereinafter "Complt.") (Doc. 1) at ¶ 28). According to the plaintiff's complaint, he was transported by Network Ambulance to the hospital and by Scranton Police Car #18 after authorities believed he was having seizures or medical convulsions while in custody at the Scranton Police Station. (Id.). Plaintiff alleges that officers believed he was faking and did not have a problem requiring emergency medical treatment. (Id.). The plaintiff was not subject to any search warrant or other court order. (Id. at ¶ 29).

When plaintiff arrived at the hospital, hospital personnel, including Defendants Vincent Pollino, MD, Diane Chindemi, RN, Lt. Joseph Smurl, and Police Officer Anthony Gieda all sought to have blood drawn from plaintiff's body. (Id. at ¶ 30). Plaintiff, who was conscious, refused this medical treatment and expressed to hospital staff his desire not to be treated. (Id. at ¶ 31). Despite these protests, hospital staff and the Scranton Police restrained the plaintiff, forcibly holding him down while his protests against the unwanted treatment continued. (Id. at ¶ 32). Defendants Gieda and Pollino then held plaintiff down as they and other hospital

2

personnel applied four-point leather restraints to his arms and legs and tied him across the chest to an emergency room gurney. (Id. at ¶ 33). As plaintiff continued to put up physical and verbal resistance, an individual removed blood from his body. (Id. at ¶ 34). During a preliminary hearing in plaintiff's criminal matter, Defendant Gieda admitted that no court order or search warrant compelled plaintiff to submit to this testing. (Id. at ¶ 35). Officer Gieda also admitted that plaintiff never consented to the treatment. (Id.). Plaintiff alleges that defendants Gieda, Smurl and other CMC staff caused bruises and other injuries through their efforts to restrain him. (Id. at ¶ 38). Such restraint also caused plaintiff severe emotional distress. (Id.). Plaintiff alleges that Defendant Jane Doe (now identified as Christine Condo), a phlebotomist employed by CMC exacerbated the assault and battery on the plaintiff by drawing blood while other defendants held him down. (Id. at ¶ 41). CMC, Defendant Chindemi and Defendant Pollino then provided plaintiff's test results to Defendant Gieda without court order or plaintiff's consent, violating his privacy rights. (Id. at ¶ 42).

Plaintiff further alleges that defendants, recognizing they had violated his rights, conspired to justify their behavior by bringing false disorderly conduct charges against him. (Id. at ¶ 43). As a result of these charges, plaintiff faced up to one year in jail and a $2,500 fine. (Id.). Plaintiff avers that this arrest lacked probable cause and was unjustified. (Id. at ¶ 44). The charges forced plaintiff to retain an attorney. (Id. at ¶ 46). He was also required to attend a preliminary hearing, pre-trial

3

conference, and *habeas corpus* hearing.  (Id. at ¶ 47).  A judge in the Lackawanna County, Pennsylvania Court of Common Pleas eventually dismissed the charges against plaintiff.  (Id. at ¶ 59).

Plaintiff filed his complaint in this court on September 2, 2008.  The complaint contains sixteen counts.  Count I names Defendants Gieda, Scranton Police Chief David Elliot, the City of Scranton and the Scranton Police Department on charges that defendants violated plaintiff's constitutional right to be free of excessive force and unlawful search and seizure.  Count II raises a claim for intentional infliction of emotional distress against Officer Gieda, Chief Elliot, the City of Scranton, The Scranton Police Department, Diane Chindemi, Jane Doe, Vincent Pollino, Lt. Joseph Smurl, the CMC and the Community Medical Center Healthcare System.  Count III is a claim for assault against the same defendants.  Count IV alleges battery against those defendants.  Count V is a claim for malicious prosecution and abuse of process against Defendants Gieda, Elliot, City of Scranton and the Scranton Police Department.  Count VI raises a claim of negligent infliction of emotional distress against all of the defendants.  Count VII alleges false arrest against Defendants Gieda, Elliot, the City of Scranton, The Scranton Police Department, Smurl, CMC and Community Medical Center Healthcare System.  Count VIII is a false imprisonment claim against all of the defendants.  Count IX charges all of the defendants with invasion of privacy through the disclosure of confidential medical information.  Count X alleges that Defendants Gieda, Elliott, the City of Scranton and

the Scranton Police Department invaded plaintiff's privacy by casting him in a false light. Count XI, raised against the City and the Police Department, contends that plaintiff's injuries were caused by an official policy and/or practice of the city. Count XII avers that Defendants CMC and CMC Health System committed corporate negligence in allowing plaintiff's injuries to occur. Count XIII alleges vicarious liability against those same defendants. Count XIV claims that Defendants Chindemi, Doe, Pollino, CMC Healthcare System and CMC failed to obtain informed consent from plaintiff before treating him. Count XV asserts that the city defendants violated plaintiff's rights under the Pennsylvania Constitution. Count XVI alleges a civil conspiracy among all the defendants to violate plaintiff's rights.

After being served with the complaint, defendants filed motions to dismiss. The parties briefed the motions, and the court issued a decision that granted those motions in part and denied them in part. (See Doc. 47). Of import to the instant motion the court dismissed plaintiff's claims for lack of informed consent against the individual defendants, as well as for corporate negligence based on a lack of informed consent. Defendants Community Medical Center Health Care System, Community Medical Center, Diane Chindemi and Christine Condo ("Jane Doe") filed a similar notice. (Doc. 24). Plaintiff then filed two motions seeking a determination that a certificate of merit was unnecessary for his claims. (Docs. 30-31).

**Jurisdiction**

Plaintiff brings the instant complaint pursuant to 42 U.S.C. § 1983. The court

has jurisdiction pursuant to 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The court has jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) ("In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article II of the United States Constitution.").

**Legal Standard**

Under Pennsylvania law, "[a] certificate of merit must be filed either with the complaint or within sixty days after the filing of the complaint in any action asserting a professional liability claim 'based upon the allegation that a licensed professional deviated from an acceptable professional standard.'" Smith v. Friends Hospital, 928 A.2d 1072, 1074-75 (Pa. Super. Ct. 2007) (quoting PA. R. CIV. P. 1042.3). Federal courts have found that this rule constitutes state substantive law and thus applies in federal courts in Pennsylvania pursuant to Erie R.R. v. Tompkins, 304 U.S. 64 (1938). See Scaramuzza v. Sciolla, 345 F. Supp. 2d 508, 510 (E.D. Pa. 2005) (citing Chamberlain v. Giampap, 210 F.3d 154, 158-61 (3d Cir. 2000), which held that an analogous New Jersey statute was substantive law); Velazquez v. UPMC Bedform Mem'l Hosp., 328 F. Supp. 2d 549 (W.D. Pa. 2004). Courts may dismiss cases when a plaintiff fails to file a required certificate of merit. See, e.g., Stroud v.

6

Abington Mem. Hosp., 546 F. Supp. 2d 238, (E.D. Pa. 2008); Bresnahan v. Schenker, 498 F. Supp. 2d 758, 762 (E.D. Pa. 2007); McElwee Group, LLC v. Mun. Auth of Elverson, 476 F. Supp. 2d 472, 475 (E.D. Pa. 2007) (holding that "failure to submit the certificate is a possible ground for dismissal by the district court, when properly presented to the court in a motion to dismiss).

Here, the parties do not dispute that the defendants seeking the certificate are licensed professionals. The question in this case is thus whether the plaintiff's complaint sounds in professional negligence or malpractice, thus requiring that plaintiff file a certificate. "Medical malpractice is defined as the 'unwarranted departure from generally accepted standards of medical practice resulting in injury to a patient, including all liability-producing conduct arising from the rendition of professional medical services." Ditch v. Waynesboro Hospital, 917 A.2d 317, 321-22 (Pa. Super. Ct. 2007) (quoting Toogood v. Owen J. Rogal, D.D.S., P.C., 824 A.2d 1140, 1145 (Pa. 2003)). As in an ordinary negligence case, a plaintiff must prove duty, breach, harm and causation. Id. at 322. Courts distinguish medical malpractice from ordinary negligence in two ways: "'[f]irst, medical malpractice can occur only within the course of a professional relationship. Second, claims of medical malpractice necessarily raise questions involving medical judgment.'" Id. (quoting Grossman v. Barke, 868 A.2d 561, 570 (Pa. Super. Ct. 2005)). Thus, to determine whether a claim involves medical malpractice, a court must ask: "'(1) whether the claim pertains to an action that occurred within the course of a

7

professional relationship; and (2) whether the claim raises questions of medical judgment beyond the realm of common knowledge and experience." Id. Answering both these questions affirmatively means that the claim involves medical malpractice and requires a certificate of merit. Id.

**Discussion**

### A. Hospital Defendants' Motion

Defendants Community Medical Center Health Care System, Community Medical Center, Diane Chindemi, and Christine Condo (captioned as "Jane Doe, Phlebotomist"), filed a notice of intention to enter judgment of non pros for plaintiff's professional liability claims on December 12, 2008. (Doc. 24). Plaintiff then filed a motion for a determination that no such certificate was necessary. (Doc. 30). Defendants raised several grounds for why a certificate of merit was necessary, most of them obviated by the court's decision that partially granted defendants' motion to dismiss. The court dismissed the only claim that may have sounded in professional negligence–failure to obtain informed consent. Assault and battery claims, as well as federal constitutional causes of action, do not implicate professional negligence in the form of medical malpractice since they do not "raise questions of medical judgment beyond the realm of common knowledge and experience." A certificate of merit is therefore unnecessary for any of those claims against the individual defendants.

The only remaining claim against the individual defendants here involving

8

negligence at all is a claim for negligent infliction of emotional distress. Negligent infliction of emotional distress in Pennsylvania requires a showing of negligence, but "is premised on the Restatement (Second) of Torts, § 313." Toney v. Chester County Hosp., 961 A.2d 192, 198 (Pa. Super. Ct. 2008) (noting that "'the crux of a negligent infliction of emotional distress claim is that [defendants] breached some duty they owed to [plaintiff] and that that breach injured her.'") (quoting Denton v. Silver Stream Nursing and Rehabilitation Center, 738 A.2d 571, 578 (Pa. Super. Ct. 1999)). That section of the restatement provides that "(1) If the actor unintentionally causes emotional distress to another, he is subject to liability to the other for resulting illness or bodily harm if the actor (a) should have realized that his conduct involved an unreasonable risk of causing the distress, otherwise than by knowledge of the harm or peril of a third person, and (b) from facts known to him should have realized the distress, if it were caused, might result in illness or bodily harm." Armstrong v. Paoli Memorial Hosp., 633 A.2d 605, 609 n.2 (Pa. Super. Ct. 1993) (quoting Restatement (2d) of Torts § 313). Even if such conduct occurred within the context of a professional relationship, the facts of this case do not present issues of medical treatment so complex that they are beyond the ability of an ordinary juror to understand without the aid of expert testimony. The question here is simply whether defendants were negligent in allowing blood to be drawn from a patient who expressed animated opposition to that procedure. Since the plaintiff's negligent infliction of emotional distress claim against the individual defendants does not

9

involve professional negligence, no certificate of merit is necessary.

Plaintiff also brings claims against the hospital, and the corporate defendants argue that a certificate of merit is required, either because of the negligence alleged against the hospital or because plaintiff seeks to impose liability on the hospital through vicarious liability. The court has found that no certificate of merit is required from the individual defendants, as the remaining claims assert either intentional torts or non-professional negligence. As such, the corporate defendants cannot assert a need for a certificate of merit through vicarious liability.

The hospital also insists, however, that a certificate of merit is necessary on plaintiff's claims of corporate negligence. The court disagrees. In terms of the claims remaining in this case, the case is like Smith v. Friends Hosp., 928 A.2d 1072 (Pa. Super. Ct. 2007). In that case, plaintiff alleged that she had sustained injuries while hospitalized; claiming that she had been sexually assaulted and beaten by hospital employees. Id. at 1073. Plaintiff contended that the hospital was liable for corporate negligence, negligent supervision of employees and agents, and negligence generally. Id. at 1074. After the trial court issued a judgment of non pros against her, plaintiff appealed, claiming that no certificate of merit was required. Id. at 1075. The Superior Court agreed, finding that "Appellant's cause of action is based only on her allegations that while hospitalized, she was sexually assaulted and beaten. Appellant's allegations against the Hospital center only around claims that the Hospital failed to properly employ and supervise" employees, who

10

committed the alleged assault. Id. Thus, even though plaintiff's claims occurred "within the course of a professional relationship, they clearly do not raise questions involving medical judgment beyond the realm of common knowledge and experience." Id. Such claims did not concern "acts involving 'diagnosis, care and treatment by licensed professionals.'" Id. (quoting Ditch, 917 A.2d at 322). Plaintiff's claims did not concern professional negligence, and did not require a certificate of merit. Id. Similarly, in this case the only causes of action remaining against the hospital do not involve the provision of professional services in the form of diagnosis, treatment and care, but instead the failure to prevent assaults and batteries against the plaintiff. As such, no expert knowledge beyond that possessed by an ordinary juror is required to understand the claims, no question of medical judgment is involved, and no certificate of merit necessary. The court will grant the plaintiff's motion on this point.

**B. Defendant Dr. Vincent Pollino**

Defendant Vincent Pollino, M.D., also contends that a certificate of merit is necessary on plaintiff's claims. (See Doc. 28). Plaintiff seeks a ruling from the court that no certificate of merit is necessary. (Doc. 31). Unlike the other defendants, Pollino did not file a motion to dismiss any of plaintiff's claims. As a result, plaintiff's informed consent claim still exists against Defendant Pollino. Defendant Pollino argues that plaintiff alleges that he had a duty of care to the plaintiff, his patient, and breached it. As such, he has alleged medical malpractice and a certificate of merit is

11

required. In the same way, plaintiff's claim for negligent infliction of emotional distress requires a certificate of merit, since such a claim requires that a plaintiff prove negligence. Defendant also contends that plaintiff cannot claim that defendant improperly failed to obtain informed consent, since the drawing of blood is not a procedure to which an informed consent claim applies.

The posture of the case against Dr. Pollino requires that the court address whether plaintiff requires a certificate of merit to proceed on his informed consent claim against that defendant. Plaintiff insists that his lack of informed consent claim is grounded in a medical battery, and not in negligence. Plaintiff cites to Montgomery v. Bazaz-Sehgal, 742 A.2d 1125 (Pa. Super. Ct. 1999), to argue that Pennsylvania courts have recognized two types of informed consent claims, one grounded in negligence and one grounded in battery. See Montgomery, 742 A.2d at 1130 (finding a difference between "a medical malpractice informed consent case grounded in negligence (commonly referred to as an 'informed consent' case) and one based on battery."). The Montgomery court found that an "informed consent complaint grounded in negligence" has as its "primary inquiry . . . whether the injury suffered was within the known risks of which the patient was informed, or whether the information, particularly as to alternative procedures was complete." Id. Such a claim requires a certificate of merit. Id. In contrast, a plaintiff in a case grounded in battery need only show unwanted touching, and no expert testimony is required. Id.

The court finds that plaintiff would be required to file a certificate of merit if he

12

sought to prevail on a negligence claim grounded in informed consent, i.e. if he seeks to argue that Defendant Pollino did not explain to him properly the risks of the medical procedure he underwent and defendant's treatment therefore fell below the standard of care. If, however, plaintiff's complaint against Dr. Pollino is that Pollino touched him without plaintiff's consent, he is raising a medical battery claim and not an informed consent claim grounded in negligence. No certificate of merit would be required. The court will therefore order the plaintiff to file a certificate of merit at the close of discovery, along with his expert report, if plaintiff seeks to proceed on a theory of medical negligence in the form of failure to obtain informed consent. If plaintiff fails to file such a certificate, the court will assume he has abandoned any such claim.

In terms of plaintiff's negligent infliction of emotional distress claim, defendant argues that plaintiff must make a preliminary showing of negligence before he can prevail on that tort. Since the negligence plaintiff alleges came in a professional context, defendant insists, plaintiff's claims require a certificate of merit. The court will grant plaintiff's motion on this point. While plaintiff alleges negligence in plaintiff's treatment by Dr. Pollino, as explained above Pennsylvania courts have drawn a distinction between simple negligence and medical malpractice (which requires a certificate of merit). Here, Dr. Pollino's alleged negligence came in the context of plaintiff being forced to submit to a treatment he resisted, not providing complex medical services which only an expert could explain or describe. A jury

13

would not need an expert's testimony to determine whether Pollino was negligent in allowing such unwanted touching to occur. Such issues are well within juror's ordinary knowledge and do not require expert testimony to understand. As such, the court will grant the plaintiff's motion on this point.

**Conclusion**

For the reasons stated above, the court will grant the plaintiff's motion for a determination that a certificate of merit is unnecessary as it pertains to the notice of intention to seek non pros brought by Defendants Community Medical Center, Community Medical Center Healthcare system, Joseph Smurl, Diane Chindemi and Christine Condo's (captioned as "Jane Doe"). The court will grant the plaintiff's motion as it pertains to Dr. Pollino in part, but will require the plaintiff to file a certificate of merit at the close of discovery if he chooses to pursue claims for lack of informed consent grounded in medical negligence against Defendant Pollino. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT BROWNSTEIN, | : | No. 3:08cv1634 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| ANTHONY GIEDA, individually and in his official capacity as a Member of the Scranton Police Department, POLICE CHIEF DAVID ELLIOT, individually and in his official capacity as a member of the Scranton Police Department, THE CITY OF SCRANTON, THE SCRANTON POLICE DEPARTMENT, DIANE CHINDEMI, JANE DOE, Phlebotomist of Community Medical Center and Community Medical Center Healthcare Systems, DR. VINCENT POLLINO, LT. JOSEPH SMURL, COMMUNITY MEDICAL CENTER HEALTH CARE SYSTEM, and COMMUNITY MEDICAL CENTER, d/b/a CMC Hospital, Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 13th day of August 2009, the plaintiff's motion for a determination that a certificate of merit is not required (Doc. 30) is hereby

15

**GRANTED**. The plaintiff's motion for a determination that a certificate of merit is not required (Doc. 31) is hereby **GRANTED IN PART** and **DENIED IN PART**, as follows:

    1. The motion is denied to the extent that plaintiff will be required to file a certificate of merit at the close of discovery if he intends to prosecute a claim based on informed consent grounded in medical negligence. Failure to file such a certificate will lead the court to assume that plaintiff has abandoned that claim; and

    2. The motion is granted in all other respects.

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**UNITED STATES DISTRICT COURT**